# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ORDWAY,<br><br>   Plaintiff,<br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>   Defendant. | CASE NO. 06cv486-L (WMc)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION TO ADD TO THE ADMINISTRATIVE RECORD |

On May 18, 2007, the Court held a hearing, on the record, regarding discovery. Participating were James Warner, Esq. (counsel for plaintiff), Rob Renner, Esq.(counsel for defendant), and Sara Maunder, Esq.(counsel for defendant). The two issues addressed at the hearing were: 1) Whether the plaintiff is entitled to supplement the Administrative Record; 2) Whether the plaintiff is entitled to conduct conflict-of-interest discovery regarding defendant's structural conflict of interest and defendant's use of a physician consultant from Elite Physicians, Ltd. After hearing from counsel of record and based upon its oral ruling, which is fully incorporated herein, the Court issues the following Order:

1. The controlling Ninth Circuit authority of the issues presented is *Abati v. Alta Health & Life Insurance*, 458 F.3d 955 (9th Cir. 2006). Under *Abati* if procedural irregularities are alleged or exist the Court *may* add to, or look outside, the Administrative Record to determine the degree of scrutiny it will use when

|   |   |
|---|---|
| 1 | applying the *abuse of discretion standard*. In this case, the plaintiff did not |
| 2 | establish the existence of procedural irregularities under *Abatie* so grave or flagrant |
| 3 | as to constitute a failure by Defendant to exercise discretion. Therefore, plaintiff's |
| 4 | request to conduct additional discovery on the structural conflict of interest issue is |
| 5 | **DENIED**. |
| 6 | 2. Plaintiff asserts that defendant took videotape footage which allegedly |
| 7 | demonstrates plaintiff's ability to walk for extended periods of time. Plaintiff |
| 8 | argues that he has never seen the videtape. Further, despite his requests for a copy |
| 9 | of the videotape, he has never received a copy. It is undisputed that (a) the |
| 10 | videotape was *not* made a part of the Administrative Record, (b) Defendant did use |
| 11 | and rely on a surveillance report by its investigator who made the videotape and (c) |
| 12 | that report *is* included in the Administrative Record. Plaintiff claims that the |
| 13 | failure to include the videotape in the Administrative Record unfairly skews the |
| 14 | record in Defendant's favor. Plaintiff argues that the videotape covers only a short |
| 15 | period of time that plaintiff was seen walking and does not show him walking for |
| 16 | an extended period of time. In an effort to rebut the videotape, Plaintiff obtained a |
| 17 | letter from witness Jack Collins who was present at the time the videotape was |
| 18 | taken and who could testify that plaintiff walked only for a very short period of |
| 19 | time. Finally, Defendant admits the videotape still exists. The videotape is more |
| 20 | direct and competent evidence than the investigative report which purports to |
| 21 | describe it. Furthermore, there is no prejudice to Defendant in producing the |
| 22 | videotape since Defendant has implicitly relied on the videotape by directly relying |
| 23 | on the investigation report. Furthermore, the failure to originally include the |
| 24 | videotape in the Administrative Record is reason to allow the inclusion of the |
| 25 | explanatory letter from Jack Collins. Finally, under *Abatie* the Defendant's failure |
| 26 | to produce the videotape and to the consider the allegedly exculpatory letter from |
| 27 | Jack Collins *may* be factors the District Judge will consider in determining the |
| 28 | level of scrutiny to apply to the facts of this case. Therefore, plaintiff's request to |

supplement the Administrative Record with the full copy of the investigative videotape *and* the explanatory letter from witness Jack Collins is **GRANTED**.

3. Plaintiff contends that defendant improperly relied on a conclusory statement made by plaintiff's employer, Craig Joyner, indicating that plaintiff's job was sedentary. Plaintiff argues that Mr. Joyner had previously stated during a deposition plaintiff's job was not sedentary.   Although excerpts from Mr. Joyner's deposition were made part of the Administrative Record, the entire deposition testimony was not made a part of the Administrative Record.  Plaintiff has asserted that the excerpts, taken out of context, may potentially unfairly and unintentionally slant  the excerpts (and related evidence) in Defendant's favor.  There is no prejudice to the Defendant since Defendant was present at the deposition through counsel and has relied on excerpts of the same deposition to support its conclusion.  Finally, placing the entire deposition transcript into the Administrative Record will provide a more compete context for Mr. Joyner's statements and may provide guidance for the trial court in determining the level of scrutiny it should apply to the case.  For these reasons, plaintiff's request to supplement the Administrative Record with Mr. Joyner's complete deposition transcript is **GRANTED**.

IT IS SO ORDERED.

DATED: June 7, 2007

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

cc: HONORABLE JAMES LORENZ
    UNITED STATES DISTRICT JUDGE

    ALL COUNSEL AND PARTIES OF RECORD